<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JACQUELINE SHORTLIDGE, | : | Civil Action No. 19-17401 (SRC) |
| Plaintiff, | : | |
| v. | : | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Jaqueline Shortlidge ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

In brief, this appeal arises from the Commissioner's decision that Plaintiff's period of disability ended on January 18, 2014. A hearing was held before ALJ Richard West (the "ALJ") on May 2, 2018, and the ALJ issued an unfavorable decision on August 21, 2018. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

At the outset, the Court notes that this is a cessation of disability case, which is decided under the eight-step assessment process set forth in 20 C.F.R. § 404.1594(f).

In the decision of August 21, 2018, the ALJ found that, at step two, Plaintiff did not meet or equal any of the Listings. At step three, the ALJ found that medical improvement had occurred. At step four, the ALJ found that the medical improvement is related to the ability to work. At step six, the ALJ found that Plaintiff continues to have severe impairments. At step seven, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain non-exertional limitations. At step seven, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform her past relevant work. At step eight, the ALJ determined, based on the application of the Medical-Vocational Guidelines (the "Grids"), that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was no longer disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on several grounds, but this Court need only reach the argument that succeeds: at step eight, the ALJ improperly relied on the Grids.

Plaintiff's step eight argument is quite simple: in applying the Grids, rather than obtaining the testimony of a vocational expert, the ALJ violated Third Circuit law as stated in Sykes. In Sykes, the Third Circuit held:

> We conclude that, under *Heckler v. Campbell*, 461 U.S. 458, 76 L. Ed. 2d 66, 103 S. Ct. 1952 (1983) (construing the Social Security Act and upholding regulations promulgated thereunder), and in the absence of a rulemaking establishing the fact of an undiminished occupational base, the Commissioner cannot determine that a

2

> claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion).

Sykes v. Apfel, 228 F.3d 259, 261 (3d Cir. 2000).   Plaintiff points out that, in the instant case, the ALJ found non-exertional limitations: 1) at step two, the ALJ concluded that Plaintiff has moderate limitations in concentration, persistence, or maintaining pace (Tr. 18); and 2) at step seven, the ALJ determined that the Plaintiff's present residual functional capacity included the following non-exertional limitations: "she can understand, remember, and carry out simple instructions; she can make simple, work-related decisions" (Tr. 19).   Plaintiff argues, correctly, that, having found these non-exertional limitations, the quoted holding of Sykes applies to this case.

The Commissioner's opposition brief does not address Sykes, but makes the following argument, here quoted in its entirety:

> The ALJ properly relied upon the grids because the nonexertional limitations he assessed—to simple, unskilled jobs—had an insignificant effect upon the number of jobs of which the grids take administrative notice. 20 C.F.R. Pt. 404, Subpt. P, App. 2, 2.00(b)("[I]n promulgating the rules, administrative notice has been taken of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels . . ."); *Fraga v. Bowen*, 810 F.2d 1296, 1304-05 (5th Cir. 1987). Because the grids presume a limitation to unskilled work, the ALJ properly relied the grids in this case.

(Def.'s Opp. Br. at 9.)   The Commissioner has not squarely addressed Plaintiff's argument about the controlling authority of Sykes.   If the Commissioner believes that this case falls within an exception to the holding of Sykes, that argument should have been articulated.   The Commissioner's argument, as presented, seems to suggest that, somehow, Sykes does not apply in this case, but the Commissioner does not explain how or why this is so.   Rather, it appears

3

that the Commissioner contends that the non-exertional limitations found in this case by the ALJ are merely limitations to unskilled work, and not more; that, however, requires this Court to ignore the non-exertional limitations plainly written in the ALJ's decision. The Commissioner has failed to effectively oppose Plaintiff's argument that the ALJ violated Third Circuit law, as stated in Sykes.

This Court finds that the Commissioner's decision must be vacated because the determination at step eight violates Third Circuit law and is not supported by substantial evidence. The Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

                                                                           s/ Stanley R. Chesler
                                                                     STANLEY R. CHESLER, U.S.D.J.

Dated: December 24, 2020